**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 13 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-30111 |
| Plaintiff-Appellee, | D.C. No. 4:16-cr-00012-BMM-1 |
| v. | |
| JEROME DALE FOLLET, Sr., | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Submitted January 8, 2020[**]

Before:     CALLAHAN, NGUYEN, and HURWITZ, Circuit Judges.

Jerome Dale Follet, Sr., appeals from the district court's judgment and challenges the 12-month-and-1-day sentence imposed upon his second revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Follet challenges the district court's finding that he assaulted his cousin with a knife and, therefore, committed a Grade A violation of supervised release. The district court did not clearly err by crediting the testimony of the victim and a witness over Follet's contradictory testimony. *See United States v. Zakharov*, 468 F.3d 1171, 1178 (9th Cir. 2006) (a district court's credibility determination is almost never clear error). The testimony provided by the victim and the witness was sufficient to show that Follet committed the violation.[1]

Follet also contends that the sentence is substantively unreasonable. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The within-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3583(e) sentencing factors and the totality of the circumstances, including Follet's multiple violations. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**

---

[1] Ordinarily, a supervised release violation must be shown by a preponderance of the evidence. *See United States v. King*, 608 F.3d 1122, 1129 (9th Cir. 2010). In this case, however, Follet asserted that the clear and convincing evidentiary standard applied because a finding of a Grade A violation would substantially increase the Guidelines range. The government disagreed, but asked the court to apply the clear and convincing standard nonetheless. The court then found the violation by clear and convincing evidence. We agree that, even if the clear and convincing standard applies, it was met here.

19-30111